**Idalia RICHARDS, Plaintiff–Appellant,**

v.

**Rosa CALVET, et al., Defendants–Appellees.**

No. 05–6095–cv.

United States Court of Appeals, Second Circuit.

Oct. 2, 2007.

Idalia Richards, New York, NY, pro se.

Stephen J. McGrath, New York City Law Department, New York, NY, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. CHARLES L. BRIEANT,* District Judge.

## SUMMARY ORDER

Appellant Idalia Richards, *pro se,* appeals from an October 6, 2005 judgment of the United States District Court for the Southern District of New York (Holwell, *J.* ) dismissing Appellant's complaint following a jury verdict in favor of Appellees.

We presume the parties' familiarity with the facts and procedural history of the case.

Liberally construing Appellant's *pro se* papers, Appellant raises a general claim that the evidence presented at trial was insufficient to support the jury verdict, or that the weight of the evidence was against the verdict. *See Bertin v. United States,* 478 F.3d 489, 491 (2d Cir.2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants . . . reading such submissions to raise the strongest arguments they suggest.").

The well established general rule is that a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *see also Virgilio v. City of New York,* 407 F.3d 105, 116 (2d Cir.2005). Similarly, "[a] contention that there was insufficient evidence to warrant submission to the jury or that the verdict was against the weight of the evidence cannot be raised for the first time on appeal." *Scientific Holding Co., Ltd. v. Plessey Inc.,* 510 F.2d 15, 28 (2d Cir.1974); *see also Jacques v. DiMarzio, Inc.,* 386 F.3d 192, 199–200 (2d Cir.2004) (declining to consider the sufficiency of the evidence on employer's appeal from judgment following a jury verdict due to employer's failure to make a post-verdict motion pursuant to Rule 50(b) motion and lack of circumstances excusing it).

Because Appellant made no motions challenging the weight or sufficiency of the evidence before the district court, the issue was never raised below. As Appellant's challenge to the evidence adduced at trial is the only claim raised on appeal, this Court may not consider the claim. *See Virgilio,* 407 F.3d at 116. Moreover, even

---

* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

**842**

if the Court were to consider Appellant's claim, the evidence presented at trial was sufficient for the jury to find in favor of Appellees. *See Gronowski v. Spencer*, 424 F.3d 285, 291 (2d Cir.2005).

Accordingly, the judgment of the district court is AFFIRMED.