Jamal UDDIN, Plaintiff–Appellant,

v.

CITY OF NEW YORK, New York City Human Resources Administration, Janice Scott, Director, and Roy Francis, Defendants–Appellees.

No. 06–2602–cv.

United States Court of Appeals, Second Circuit.

April 23, 2008.

Jamal Uddin, New York, NY, pro se, Appellant.

Mordecai Newman (Michael A. Cardozo, Corporation Counsel of the City of New York, of counsel, Larry A. Sonnenshein, on the brief) Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Circuit Judge, Hon. ERIC N. VITALIANO, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Jamal Uddin appeals from a judgment and order of the District Court for the Southern District of New York (Sweet, *J.*) entered on January 9, 2006, granting summary judgment in favor of Defendants–Appellees the City of New York, the New York City Human Resources Administration ("HRA"), and Janice Scott and Roy Francis (two of Plaintiff's supervisors at the HRA).

* The Honorable Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. On July 23, 1999, Plaintiff filed a lawsuit in the District Court for the Southern District of New York against the City and the New York City Administration for Child Services, alleging retaliation and discrimination based on national origin. After a jury trial in August 2001, Plaintiff prevailed. In this subsequent lawsuit, Plaintiff alleges that the defendants retaliated against him for the earlier suit, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8–101, *et seq.*

We review *de novo* the District Court's grant of summary judgment. *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Maguire*, 147 F.3d at 235. Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... r the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Because Plaintiff appears *pro se* on appeal, "[w]e liberally construe pleadings and briefs submitted" by him, "reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir.2007) (internal citation and quotation marks omitted).

In order to establish a *prima facie* case of retaliation, "a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find [1] that [ ] he engaged in protected participation or opposition under Title VII ..., [2] that the employer was aware of this activity, [3] that the employer took adverse action against the plaintiff, and [4] that a causal connection exists between the protected activity and the adverse action, *i.e.*, that a retaliatory motive played a part in the adverse employment action." *Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2006) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir.2001)).

While this appeal was pending, the Supreme Court announced a new standard for assessing whether a plaintiff alleging retaliation has suffered a materially adverse employment action (the third element of a *prima facie* case). That new standard requires only a showing "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal citation and punctuation omitted).

Plaintiff points to the formal disciplinary charges defendant Scott filed against him on December 12, 2001 as a materially adverse employment action. The District Court concluded that because those charges were still pending before an arbitrator (under union grievance procedures), Plaintiff failed to establish that "a final adverse action has taken place." *Uddin v. City of New York*, 427 F.Supp.2d 414, 430 (2006).

However, Plaintiff was fined three days' pay due to the disciplinary charges, and the record shows that disciplinary charges are recorded in an employee's file and are weighed in promotion decisions. And Plaintiff alleges that relatively soon thereafter, Scott denied him the use of a phone

**6**

or cubicle for an extended period of time, which allegedly impaired Plaintiff's work. Scott's conduct "might have dissuaded a reasonable worker from making or supporting a charge of discrimination," and thereby may amount to an adverse employment action. *White,* 126 S.Ct. at 2415.

■ Moreover, Plaintiff has created a material issue of fact as to when Scott knew about the earlier discrimination lawsuit. While it is not apparent that trial counsel properly directed the District Court's attention to Uddin's affidavit, it alleges that in February 2001, an article about the discrimination lawsuit was posted in the HRA employee dining room, which he discussed in a meeting with Scott and others and referred to in a memo to Scott later that month. He also alleges that when he returned to his post after the discrimination trial, in August 2001, Scott approved of his absence based on a memo from his trial lawyer.

The same issues arise as to Plaintiff's allegations regarding defendant Francis. Plaintiff claims that in 2001 and 2002, Francis refused to approve Plaintiff's time on field visits, causing Plaintiff to lose income in October 2001 and July 2002. That action may be considered "materially adverse" under the new standard announced in *White.*

In the same affidavit, Plaintiff alleges that in February 2001, Francis read an article about the lawsuit in Plaintiff's presence. Plaintiff also alleges that Francis called him a "troublemaker" and warned that "they are going to get you." Consequently, Plaintiff has created a material issue of fact as to whether Francis knew about the discrimination lawsuit when he refused to approve Plaintiff's time sheets.

We conclude that the District Court erred in determining that there was no disputed issue of material fact with respect to Scott's and Francis's knowledge of Ud-

din's protected activity. Because Scott's and Francis's conduct may satisfy the new standard for adverse employment action, we direct the District Court to consider this issue on remand. Accordingly, these claims are remanded to the District Court for further proceedings consistent with this order.

Plaintiff's remaining allegations are either the "petty slights or minor annoyances that often take place at work and that all employees experience," and therefore lack the severity to be materially adverse, *White,* 126 S.Ct. at 2415, or lack the temporal proximity required to infer a causal connection to Plaintiff's discrimination lawsuit, *Clark Cty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).

■ Finally, we affirm the dismissal of Plaintiff's claims against Scott and Francis in their personal capacities. *See Mandell v. County of Suffolk,* 316 F.3d 368, 377 (2003) ("[U]nder Title VII[,] individual supervisors are not subject to liability.").

We have reviewed Plaintiff's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby in part **VACATED** and **REMANDED** for further proceedings consistent with this order, and in remaining part **AFFIRMED.**