**NATIONAL COUNCIL OF LA RAZA, New York Immigration Coalition, American–Arab Anti–Discrimination Committee, Latin American Workers Project, Unite Here!, Plaintiffs–Appellants,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security, Robert Mueller, Director, Federal Bureau of Investigation, Julie L. Myers, Assistant Secretary of the Department of Homeland Security for U.S. Immigration and Customs Enforcement,[1] United States Department of Justice, United States Department of Homeland Security, Federal Bureau of Investigation, Bureau of Immigration and Customs Enforcement, Defendants–Appellees.**

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

No. 07–0816–cv.

United States Court of Appeals,
Second Circuit.

July 3, 2008.

Michael J. Wishnie, Lowenstein Human Rights Clinic, National Litigation Project, Yale Law School, New Haven, CT (Sarah Burg and Saumya Manohar, law student interns, Yale Law School; Lucas Guttentag, Lee Gelernt, and Omar C. Jadwat, American Civil Liberties Union Foundation, Immigrants' Rights Project, New York, NY; Peter Markowitz, The Bronx Defenders, Bronx, NY; and Arthur C. Eisenberg and Christopher Dunn, New York Civil Liberties Union, New York, NY, on the brief), for Appellants.

Jonathan F. Cohn, Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C. (Peter D. Keisler, Assistant Attorney General, Douglas N. Letter, Appellate Litigation Counsel, Lewis S. Yelin, Attorney, Appellate Staff, United States Department of Justice; and Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, F. Franklin Amanat, Assistant United States Attorney, Brooklyn, NY, on the brief), for Appellees.

Baher Azmy and Meetali Jain (Jared Lafevre and Asim Badaruzzaman, law students interns), Center for Social Justice, Seton Hall Law School, Newark, NJ, for Hispanic Command Police Officers Association, National Black Police Association, and National Latino Officers' Association.

Karen Tumlin, Joan Friedland, Linton Joaquin, National Immigration Law Center, Los Angeles, CA, for National Immigration Law Center.

PRESENT: Honorable CHESTER J. STRAUB, Honorable REENA RAGGI, Circuit Judges, and Honorable WILLIAM K. SESSIONS III, District Judge.[2]

## SUMMARY ORDER

Plaintiffs, four non-profit advocacy organizations and one labor union, filed this lawsuit against various government officials and agencies in an effort to halt the entry into the National Crime Information Center ("NCIC") database of certain civil immigration records pertaining to aliens who are in purported violation of orders of removal or requirements of the National Security Entry–Exit Registration System ("NSEERS") and to remove all such information already entered. Plaintiffs now appeal the district court's dismissal of their complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction due to lack of standing. We assume the parties' familiarity with the record and history of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review *de novo* the dismissal of a complaint for lack of standing. *See Baur v. Veneman,* 352 F.3d 625, 631 (2d Cir. 2003). In doing so, we are mindful that, "at the pleading stage, standing allegations need not be crafted with precise detail,"

and that we, therefore, "presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotation marks omitted). Although this pleading standard is liberal, "bald assertions and conclusions of law will not suffice." *Leeds v. Meltz,* 85 F.3d 51, 53–55 (2d Cir.1996) (holding that conclusory allegation that state employees prevented publication of advertisement was insufficient to demonstrate that "[t]he decision to reject the advertisement [was] 'fairly attributable' to the state").

Under Article III of the Constitution, federal courts have jurisdiction only over "cases" and "controversies." U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The "irreducible constitutional minimum of standing" contains the following three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife,* 504 U.S. at 560–61, 112 S.Ct. 2130 (internal citations, quotation marks, and alterations omitted). Plaintiffs assert that the district court

erred in ruling that their complaint failed adequately to plead the injury element. They insist their complaint demonstrated three forms of injury: (1) an "imminent risk of unlawful arrest" by state and local law enforcement officers (allegedly unlawful because the arrests are preempted by federal law and invalid), (2) a loss of privacy, and (3) diminished public safety. Defendants submit that the district court correctly ruled as to injury and that plaintiffs' complaint also failed adequately to plead causation. In addition, they submit that dismissal was warranted because plaintiffs failed to state a claim. *See* Fed.R.Civ.P. 12(b)(6).

█ For substantially the reasons stated by the district court, we conclude that plaintiffs' allegations of lost privacy and diminished public safety are inadequate to demonstrate the injury necessary to establish standing. *See National Council of La Raza v. Gonzales,* 468 F.Supp.2d 429, 443–44 (E.D.N.Y.2007). We also note that plaintiffs' argument that they have sufficiently alleged a present injury-in-fact in their allegation of diminished public safety is unavailing because the diminished public safety of which plaintiffs complain is a generalized injury that is not concrete enough to confer standing. *See id.* at 437 n. 5; *Federal Election Comm'n v. Akins,* 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998); *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

█ Turning to plaintiffs' claim of an imminent risk of unlawful arrest, the point to which the parties devote the most attention on appeal, we need not decide the difficult question of whether plaintiffs' pleadings demonstrate injury-in-fact because, even if we were to resolve this point in plaintiffs' favor, we would affirm the district court's standing dismissal for lack of causation. *See Bertin v. United States,* 478 F.3d 489, 491 (2d Cir.2007) (observing that we may "affirm on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely").

While the Supreme Court has explained that causation is lacking if the claimed injury is "the result [of] the independent action of some third party not before the court," *Lujan v. Defenders of Wildlife,* 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks omitted), a plaintiff need not allege that a defendant's challenged actions were the very last step in a chain of events leading to an alleged injury to allege causation adequately. It is sufficient for a plaintiff to plead facts indicating that a defendant's actions had a "determinative or coercive effect upon the action of someone else" who directly caused the alleged injury. *Bennett v. Spear,* 520 U.S. 154, 169, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Because plaintiffs here allege that state and local authorities, not defendants, are engaged in unlawful arrests of aliens whose civil immigration records are entered into NCIC, the sufficiency of their causation pleading depends on its ability to support a reasonable inference that defendants' actions had a "determinative or coercive effect" on the state and local law enforcement officers who carry out the alleged unlawful arrests. *Id.* Plaintiffs' allegations that defendants "encouraged, caused, and induced state and local police to arrest immigrants listed in the NCIC" do not adequately allege that the injury was fairly traceable to defendants.

Plaintiffs allege that (1) when a state or local law enforcement officer runs an NCIC check on an individual, the NCIC identifies as an immigration violator persons who have allegedly violated removal orders or NSEERS requirements and advises the requesting officer to contact a unit of the Department of Homeland Secu-

rity ("DHS") for confirmation; and (2) *upon confirmation*, DHS generally asks the local officer to arrest or detain the alleged immigration violator until DHS officials can arrive to take the person into federal custody. But plaintiffs also plead that, for policy reasons not material to our ruling, (3) a number of state and local authorities choose not to comply with such DHS requests. Significantly, plaintiffs do not allege that such authorities suffer any adverse consequences from this resistance. Under these circumstances, the pleadings do not support the conclusion that defendants' actions have had a determinative or coercive effect on those state and local authorities that carry out the allegedly unlawful arrests.

*Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, is not to the contrary. In that case, the Supreme Court ruled that an "advisory" opinion of the federal Fish and Wildlife Service had a "powerful coercive effect on the action agency," precisely because of particular costs and risks to the action agency in disregarding the opinion. *Id.* at 169, 117 S.Ct. 1154. In the absence of any allegations supporting a reasonable inference that defendants' actions have a determinative or coercive effect on the state and local law enforcement officers who carry out the arrests, we conclude that plaintiffs' complaint failed to plead causation by the named defendants.

Because we affirm dismissal on standing grounds pursuant to Fed.R.Civ.P. 12(b)(1), we express no view as to the government's alternative argument that the complaint fails to state a claim so as to support dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

The judgment of dismissal is AFFIRMED.