Yan Ping Xu v. The City of New York, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of November, two thousand seventeen.

Present:    JOHN M. WALKER, JR.,
            ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

_____

YAN PING XU,

                    *Plaintiff-Appellant*,

            v.                                                16-4079

THE CITY OF NEW YORK, s/h/a THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
DR. JANE R. ZUCKER, DENNIS J. KING, BRENDA M. MCINTYRE,

                    *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              Yan Ping Xu, pro se, Bay Shore, N.Y.

For Defendants-Appellees,             Janet L. Zaleon, Assistant Corporation Counsel
City of New York, s/h/a The New       (Claude S. Platton, Assistant Corporation Counsel,
York City Department of Health and    *on the brief*), *for* Zachary W. Carter, Corporation
Mental Hygiene, and Brenda M. McIntyre:  Counsel of the City of New York, New York, N.Y.

| For Defendants-Appellees, Dr. Jane R. Zucker and Dennis J. King: | Jessica Jean Hu, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, N.Y. |
|---|---|

Appeal from the District Court of the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Appellant Yan Ping Xu appeals the judgment entered on September 28, 2016 in the United States District Court for the Southern District of New York (Torres, *J.*), granting judgment on the pleadings to Defendants-Appellees City of New York s/h/a The New York City Department of Health and Mental Hygiene ("DHMH") and Brenda M. McIntyre (collectively, "Municipal Defendants"), and Jane R. Zucker and Dennis J. King (collectively, "Federal Defendants"), on Xu's claims for violations of procedural due process; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); Section 1981 of the Civil Rights Act of 1871, 42 U.S.C. § 1981 ("Section 1981"); Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"); Section 1985(3) of the Civil Rights Act of 1871, 42 U.S.C. § 1985 ("Section 1985"); the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). The district court construed Xu's procedural due process claims against Federal Defendants in their official capacity as barred by sovereign immunity, and the claims against Federal Defendants in their individual capacity as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the district court's entry of judgment on the pleadings under Rule 12(c), accepting as true all factual allegations in the complaint and drawing all reasonable inferences for the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). To survive a motion for judgment on the pleadings, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)).

We vacate and remand as to Xu's procedural due process claim against Municipal Defendants. Assuming without deciding that Xu possessed a property interest in her position, Xu has stated a plausible claim that her procedural due process rights were violated by Municipal Defendants. Though it is well settled that a postdeprivation hearing may satisfy due process

2

when the claim is "based on random, unauthorized acts by state employees," *Hellenic American Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) ("*HANAC*"), a postdeprivation remedy may not suffice when the alleged violation was perpetrated by "officials with final authority over significant matters, which contravene the requirements of a written municipal code, [and] can constitute established state procedure," *Burtnieks v. City of New York*, 716 F.2d 982, 988 (2d Cir. 1983). We have reasoned that "categorizing acts of high-level officials as 'random and unauthorized' makes little sense because the state acts through its high-level officials." *DiBlasio v. Novello*, 344 F.3d 292, 302-03 (2d Cir. 2003) (citation omitted).

We believe Xu has alleged sufficient facts to state a facially plausible claim that her firing was the result of decisions made by "officials with final authority over significant matters," *Burtnieks*, 716 F.2d at 988, who may properly be considered "high-level officials" for the purposes of that exception, *DiBlasio*, 344 F.3d at 302. Xu was improperly fired without a predeprivation hearing because Municipal Defendants wrongly believed her to be a probationary employee who was not entitled to such a hearing. Xu alleges that her firing was approved by Brenda McIntyre, who was the Assistant Commissioner and Director of the Bureau of Human Resources for the Department of Mental Health and Hygiene. At this early stage of the litigation, these allegations are sufficient to state a facially plausible claim that the "high-level official" exception should apply to this case.

We also vacate and remand with regard to Xu's allegation against Municipal Defendants that her termination was due to impermissible discrimination in violation of Title VII. "To state a prima facie case of discriminatory discharge under Title VII, a plaintiff must allege that: (1) [s]he falls within a protected group; (2) [s]he held a position for which [s]he was qualified; (3) [s]he was discharged; and (4) 'the discharge occurred after circumstances giving rise to an inference of discrimination.' A plaintiff may demonstrate circumstances giving rise to an inference of discrimination by alleging that [s]he was treated less favorably than similarly situated employees of other races or national origins." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014) (citations omitted).

Xu alleged that Michael Hansen, a younger white male, was a similarly situated employee treated more favorably by her supervisors on the basis of race. Xu alleged that she and Hansen were both classified as "City Research Scientist I" and were therefore employed at the same occupational level. Xu also alleged that she trained Hansen on some aspects of programming, took over some of his responsibilities, and performed work that was both higher-level and higher-quality than the work performed by Hansen. She further alleges that she received negative feedback from Zucker and King while Hansen received positive feedback, and that Hansen was improperly tasked with supervising her. These allegations of disparate treatment from a similarly situated colleague are sufficient to establish a prima facie case for discriminatory termination in violation of Title VII. For the same reason, we are compelled to vacate the dismissal of Xu's claims under the NYSHRL and the NYCHRL, and remand for further proceedings, as those claims rest on the same allegations of disparate treatment.

We have reviewed the remainder of Xu's claims and have found them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in all respects other than as to Xu's procedural due process claim against Municipal Defendants and as to Xu's Title VII,

3

NYSHRL, and NYCHRL claims on the basis of disparate treatment. The judgment as to those claims is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk