19-1546-cv
*Bal v. Manhattan Democratic Party et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JOHN BAL, in the capacity as a Democratic Candidate for the New York State Assembly,

> *Plaintiff-Appellant*,

> v.                                                                 19-1546-cv

MANHATTAN DEMOCRATIC PARTY, KEITH WRIGHT, personally and in the capacity of County Leader, NEW YORK COUNTY DEMOCRATIC COMMITTEE, CATHLEEN MCCADDEN, personally and in the capacity of Executive Director,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                               John Bal, *pro se*, New York, NY.

**FOR DEFENDANTS-APPELLEES:**
Arthur Z. Schwartz,
Advocates for Justice,
Chartered Attorneys,
New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Bal, proceeding *pro se*, appeals from the district court's grant of summary judgment and denial of his post-judgment motion to amend his complaint. Bal sued the Manhattan Democratic Party, the New York County Democratic Committee, Keith Wright, and Cathleen McCadden ("Defendants") under 42 U.S.C. § 1983, claiming that they deprived him of a fair opportunity to compete for the Democratic nomination in a special election for the New York State Assembly, District 65, in violation of his First and Fourteenth Amendment rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we note that Bal has waived any challenge to the district court's decision on his First Amendment and Fourteenth Amendment due process claims because he does not dispute that New York law provided him with sufficient post-deprivation process to challenge the alleged electoral irregularities. Although we "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest," *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted), *pro se* appellants still must comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear

statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam).  Thus, despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," this Court "need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief." *Id.*  In any event, the district court properly granted summary judgment to Defendants on Bal's First Amendment and Fourteenth Amendment due process claims in its well-reasoned December 12, 2018, decision.

Bal does raise for review his equal protection claim by arguing that Defendants withheld information from him and improperly created two unequal classes of candidates:  district leaders, who had access to certain information, and non-district leaders, who did not have the same access. The district court correctly held, however, that Bal failed to proffer any evidence that Defendants' conduct constituted intentional discrimination, or that Defendants treated him differently than other similarly situated candidates.[1]

Finally, we reject Bal's challenge to the district court's denial of leave to amend his complaint after judgment.  "We review a district court's decision to grant or deny a party leave to amend a pleading under Federal Rule of Civil Procedure 15(a) for abuse of discretion." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).  "While generally leave to amend should be freely granted, it may be denied when there is a good reason to do so, such as futility, bad faith, or undue delay." *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citation omitted).  "When the plaintiff had the opportunity to amend the complaint earlier but

---

[1] We decline to consider Bal's argument, raised for the first time on appeal, that the weighted voting process itself violated his rights.  *See*, *e.g.*, *Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (internal quotation marks and alteration omitted).

3

waited until after judgment, a court may exercise its discretion more exactingly." *In re Assicurazioni Generali, S.p.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (internal quotation marks omitted).

Here, the district court did not abuse its discretion in denying Bal's motion for leave to amend. Bal "give[s] no good reason for failing to seek leave to amend earlier in the case." *Id.* As explained by the district court, allowing Bal to amend his complaint to assert "entirely new legal theories and facts" after summary judgment would be highly prejudicial to Defendants.

We have considered all of Bal's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court