21-2496-cv
*Adeniji v. Office of the New York State Comptroller*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          BETH ROBINSON,
                    *Circuit Judges.*

---

OLUSEYI ADENIJI,

             *Plaintiff-Appellant,*                        21-2496-cv

             v.

OFFICE OF THE NEW YORK STATE COMPTROLLER,

             *Defendant-Appellee.*

STATE OF NEW YORK,

             *Defendant.*

---

FOR PLAINTIFF-APPELLANT:         Oluseyi Adeniji, *pro se*, Bronx, NY.

FOR DEFENDANT-APPELLEE:          David Lawrence III, Assistant Solicitor
                                 General, *for* Letitia James, Attorney
                                 General of the State of New York, New
                                 York, NY.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*; Barbara Moses, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Oluseyi Adeniji, proceeding *pro se*, brought a Title VII suit against the Office of the New York State Comptroller ("OSC"), alleging OSC refused to hire him because of his race. Adopting a magistrate judge's Report and Recommendation, the District Court granted summary judgment to OSC. Adeniji appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, and we draw all reasonable inferences and resolve all factual ambiguities in favor of the nonmoving party. *See Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001). "Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting current Fed. R. Civ. P. 56(a)). The "nonmoving party may not rely on conclusory allegations or unsubstantiated speculation" in opposing summary judgment. *Id.* (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Nonetheless, "[w]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (alteration in original) (quoting *Bertin v. United States*, 478 F.3d 491 (2d Cir. 2007)).

Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race." Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). We analyze Title VII discrimination claims using the familiar *McDonnell Douglas* burden-shifting test, which has three prongs: (1) the plaintiff must first establish a prima facie case of discrimination; (2) the defendant must next proffer a legitimate, non-discriminatory reason for its actions; and (3) the plaintiff must then establish that the defendant's proffered reason was a pretext for unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *see also, e.g.*, *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

While we review a grant of summary judgment without deference to the district court, "a party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report." *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). Adeniji did not address the Report and Recommendation's conclusion that he had failed to establish the third prong of the

*McDonnell Douglas* test—that OSC's proffered reasons for refusing to hire him were pretextual.[1] Therefore, he has arguably forfeited appellate review of that issue, and we could affirm on that basis alone. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). Nevertheless, because OSC does not press Adeniji's non-jurisdictional forfeiture in its brief, we exercise our discretion to reach the merits. *See id.* (explaining that an appellate court may excuse such a non-jurisdictional waiver when it is "in the interests of justice"). That said, we agree with the District Court.

Even assuming Adeniji has established a prima facie case of discrimination—his burden under the first prong of the *McDonnell Douglas* test—he has not provided any evidence that OSC's reasons for refusing to hire him were pretextual. OSC proffered three legitimate, non-discriminatory reasons for rejecting his application: (1) frequent job shifting, (2) résumé discrepancies, and (3) a poor writing sample. To establish these reasons as pretextual, Adeniji would need to "point to evidence that reasonably supports a finding of prohibited discrimination." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000); *see also Leibowitz v. Cornell Univ.*, 584 F.3d 487, 504 (2d Cir. 2009) ("[P]laintiff . . . must produce evidence such that a rational finder of fact could conclude that the adverse action taken against [him] was more likely than not a product of discriminatory animus."), *superseded by statute on other grounds as stated in Doe v. Columbia Univ.*, 831 F.3d 46, 56 n.9 (2d Cir. 2016).

We conclude that Adeniji has failed to satisfy the third prong of the *McDonnell Douglas* test. Liberally construing Adeniji's brief, his only argument that OSC's proffered reasons were pretextual is that the hiring requirements did not include a writing sample.[2] He thus suggests that he was asked to complete a writing sample only because of his race, and that his race—rather than the quality of his writing sample—was the true reason OSC rejected his application. But the undisputed facts demonstrate that all interviewees for this position completed writing samples, not just Adeniji. Moreover, OSC's justification for its poor grade of Adeniji's writing sample did not rely on anything that could suggest pretext; instead, OSC's interviewers specifically expressed concern over grammatical errors in the sample. Because Adeniji has not met his burden under *McDonnell Douglas*, summary judgment in favor of OSC is appropriate.

---

[1] Although Adeniji timely filed objections to the Report and Recommendation, he did not specifically address the magistrate judge's conclusion that he failed to establish that OSC's reasons were pretextual—a conclusion the District Court noted before reviewing that issue solely for clear error.

[2] Adeniji responds to OSC's other two reasons for refusing to hire him—his résumé inconsistencies and his frequent job switching—by seeking to justify the demerits. Rather than explain why these reasons were pretextual, he explains only why his résumés had discrepancies and why he left jobs frequently. Thus, with regard to these two reasons, Adeniji has also not met his burden under the third prong of the *McDonnell Douglas* test.

## CONCLUSION

In sum, even assuming Adeniji has established a prima facie case of discrimination, he has failed to establish as pretextual OSC's proffered non-discriminatory reasons for refusing to hire him. The District Court, therefore, correctly granted OSC's motion for summary judgment seeking dismissal of Adeniji's Title VII complaint.

We have considered all of Adeniji's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the August 31, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court