24-2363-cv
*Spencer v. Lab'y Corp. of Am. Holdings*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges*.

---

JAHQUAN SPENCER,

> *Plaintiff-Appellant*,

v.                                                                          24-2363-cv

LABORATORY CORPORATION OF AMERICA HOLDINGS, ET AL., GLENNETTE CYRUS, ARACELI REYES,

> *Defendants-Appellees*,

PSYCHEMEDICS CORPORATION, ET AL.,

> *Defendants*.*

---

---

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

FOR PLAINTIFF-APPELLANT:    JAHQUAN SPENCER, *pro se*, Port Washington, New York.

FOR DEFENDANT-APPELLEE    ROBERT STEINER, Kelley Drye &
LABORATORY CORPORATION    Warren, LLP, New York, New York.
OF AMERICA HOLDINGS:

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on August 16, 2024, is **AFFIRMED**.

Plaintiff-Appellant Jahquan Spencer, proceeding *pro se*, appeals from the district court's judgment dismissing his claims against Defendants-Appellees Laboratory Corporation of America Holdings and two of its employees (collectively, "Labcorp") for failure to state a claim under New York law. This case arises from an August 2018 hair follicle drug test that Spencer took that resulted in an allegedly false positive result for cocaine.[1] Spencer alleges that he privately contracted for this drug test in anticipation of the possibility of false positive result on a court-ordered test in connection with a New York State family court proceeding. In particular, Spencer alleges, among other things, that the test resulted in a false positive due to Labcorp's improper and negligent handling of his hair specimen, and this error caused him to suffer emotional distress. Labcorp moved to dismiss Spencer's second amended complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, concluding that the second amended complaint did not plausibly allege a claim for negligence or

---

[1] This action is one of five similar actions brought by Spencer, each arising out of allegedly false positive drug tests.

2

negligent infliction of emotional distress.[2]  *See Spencer v. Lab'y Corp. of Am. Holdings*, No. 19-cv-4927 (JMA) (ARL), 2024 WL 3675855, at *7–15 (E.D.N.Y. Aug. 6, 2024).  We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review [anew] a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks and citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  This Court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."  *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citation omitted).

For the substantially same reasons identified by the district court, we agree that Spencer failed to state a claim against Labcorp for negligence or negligent infliction of emotional distress under New York law.  "In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately

---

[2]  Spencer's second amended complaint also asserted claims for fraud, fraudulent concealment, and intentional infliction of emotional distress.  On appeal, Spencer does not raise any arguments challenging the district court's dismissal of those claims and, therefore, he has abandoned any related arguments.  *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).

resulting therefrom." *Pasternack v. Lab'y Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (internal quotation marks and citation omitted). "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (citing *Ornstein v. N.Y.C. Health & Hosps. Corp.*, 10 N.Y.3d 1, 6 (2008) and *Taggart v. Costabile*, 14 N.Y.S.3d 388, 395–96 (2d Dep't 2015)).

Spencer failed to plausibly allege the requisite breach of duty for his negligence and negligent infliction of emotional distress claims. To be sure, the New York Court of Appeals has held that "a drug testing laboratory can be liable to a test subject under the common law for negligent testing of a biological sample." *Pasternack*, 27 N.Y.3d at 825–26. **However, that "holding regarding a duty of care owed by the laboratory to the plaintiff [is] limited to those circumstances" where "a drug laboratory[] fail[s] to adhere to professionally accepted scientific testing standards in the testing of the biological sample."** *Id.* at 826 (alteration adopted) (internal quotation marks and citation omitted).

Here, Spencer focused on a number of alleged discrepancies in the testing of his August 28 hair sample. For example, he alleged that a different lab than that which he expected conducted the testing, the sample was tested in a different location than where he expected, a test report cited the incorrect testing code, his initials were missing from one of his specimen containers, and the documents he received about the August 28 test did not include certain materials he had previously received with other drug test results, such as HIPAA and copyright notices. However, none of these allegations suggest that the scientific testing of his hair sample had been compromised. **In sum, Spencer did not plausibly allege that Labcorp "fail[ed] to adhere to professionally**

4

**accepted scientific testing standards in the testing of the biological sample.”** *Id.* Accordingly, we agree with the district court that Spencer's allegations were insufficient to support his negligence and negligent infliction of emotional distress claims.

*   *   *

We have considered Spencer's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court