SUMMARY ORDER

Petitioner Yun Pan, a native and citizen of the People’s Republic of China, seeks review of the May 16, 2008 order of the BIA denying his motion to reopen. In re Yun Pan, No. A78 257 604 (B.I.A. May 16, 2008). We assume the parties’ familiarity *643 ■with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). We find that the BIA did not abuse its discretion in denying Pan’s motion to reopen as untimely.
A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). While it is well-established that the time limitation for motions to reopen may be equitably tolled to accommodate claims of ineffective assistance of counsel, a movant must demonstrate that he has exercised “due diligence” in vindicating his rights. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-57 (2d Cir.2006). Here, the BIA concluded that Pan had failed to “diligently pursue his ineffective assistance claim such that equitable tolling of the filing deadline would be warranted.” But even construing the arguments in Pan’s pro se brief broadly, see Bertin v. United States, 478 F.3d 489, 491 (2d Cir.2007), we find that he has failed to challenge that conclusion. Accordingly, we consider waived any argument that the BIA erred in declining to reopen Pan’s proceedings based on his claim of ineffective assistance of counsel. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
Further, we find that the BIA did not err in holding that Pan had failed to establish changed country conditions so as to qualify for an exception to the filing deadline for motions to reopen.[1] See 8 C.F.R. § 1003.2(c)(3)(ii). We found in Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007), that the BIA may properly reject unauthenticated evidence of changed country conditions submitted with a motion to reopen where the agency made an adverse credibility determination in the underlying removal proceedings. See also Siewe v. Gonzales, 480 F.3d 160, 170 (2d Cir.2007) (noting that “a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien’s uncorroborated or unauthenticated evidence”). Accordingly, the BIA properly declined to credit the unauthenticated evidence Pan submitted with his motion to reopen where the IJ had made an adverse credibility determination in the underlying proceedings. Because the BIA’s finding in this regard is dispositive of Pan’s petition for review, we need not reach the BIA’s nexus finding.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. We construe Pan's pro se brief as challenging the BIA's decision in this respect. See Bertin, 478 F.3d at 491.