*Berger & Assocs. Attorneys, P.C. v. Kran*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted:  March 20, 2014    Decided:  July 25, 2014)

Docket No. 13-1931

---

In re ALEXANDER KRAN, III

---

BERGER & ASSOCIATES ATTORNEYS, P.C., BRADLEY IAN BERGER,
Plaintiffs–Appellants,

v.

ALEXANDER KRAN, III,
Defendant–Appellee.[*]

---

Before:       STRAUB, SACK, and LOHIER, *Circuit Judges*.

The plaintiffs previously brought suit in state court against the debtor and his law partner to recoup fees owed under a referral agreement between the parties.  In that action, the state court sanctioned the debtor and his partner for discovery violations arising from their failure to keep and file certain records by striking their answer.  The parties eventually settled, and the debtor filed for bankruptcy soon thereafter.  The plaintiffs then filed this adversary proceeding in the bankruptcy court, claiming that the deficient record-keeping which led to

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption set forth above.

1

sanctions in state court also barred the debtor's discharge under 11 U.S.C. § 727(a)(3). The bankruptcy court (Robert D. Drain, *Judge*) granted the debtor's motion for summary judgment, and the district court (Kenneth M. Karas, *Judge*) affirmed. Because we agree that the debtor was entitled to judgment as a matter of law, the judgment of the district court is hereby

AFFIRMED.

> RONALD COHEN, Wilmington, NC, *for Plaintiffs–Appellants.*
>
> BRUCE L. WEINER, Rosenberg Musso & Weiner LLP, Brooklyn, NY, *for Defendant– Appellee.*

SACK, *Circuit Judge*:

Bradley Ian Berger and his law firm, Berger & Associates Attorneys, P.C., brought suit against Alexander Kran, III, and his law partner in state court in 2004 for outstanding fees owed Berger and his firm (hereinafter referred to collectively as "Berger") under a referral agreement between the parties. Because Kran's partnership had failed to file certain documents with the New York State Office of Court Administration as state law requires, Berger had difficulty proving the amount of fees owed. This failure led to discovery sanctions in the state court against the defendants and spurred the parties to settle. Soon

thereafter, Kran's partnership dissolved, his former partner died, and Kran filed for Chapter 7 bankruptcy protection.

Berger filed an adversary proceeding against Kran in the bankruptcy court contending that 11 U.S.C. § 727(a)(3), which bars discharge if a debtor unjustifiably concealed, destroyed, or failed to preserve recorded information "from which the debtor's financial condition or business transactions might be ascertained," prevented Kran from obtaining bankruptcy relief. The bankruptcy court (Robert D. Drain, *Judge*) granted Kran's motion for summary judgment, and the district court (Kenneth M. Karas, *Judge*) affirmed. Because we conclude that section 727(a)(3) does not bar discharge under the circumstances presented, we affirm the judgment of the district court.

## BACKGROUND

In 1992, David Davidson, a New York lawyer, concluded a referral agreement with Berger. Berger would solicit plaintiffs in personal injury cases through advertising and then refer them to Davidson, who would perform all of the legal work and remit forty percent of the fees received to Berger. The following year, Davidson formed a partnership with Kran under the name

Davidson & Kran. The partnership continued the arrangement with Berger until sometime in 1996.

In 2004, Berger brought an action in New York state court against the firm of Davidson & Kran and against Davidson and Kran individually to collect fees due under the agreement. In the discovery phase of the litigation, Berger sought documents related to the cases referred under the agreement. Although Davidson and Kran supplied some of the requested information, they had either lost or destroyed many of the relevant records. Still other records were never created in the first place, even though state law required them to be filed with the New York State Office of Court Administration. *See* N.Y. Comp. Codes R. & Regs. tit. 22, §§ 603.7, 691.20.

Berger moved for discovery sanctions. Although Davidson and Kran supplied additional responsive documents, the state court concluded that they had willfully obstructed discovery, struck their answer to Berger's complaint, and directed a trial on damages. At trial, Berger's expert testified that the amount owed under the referral agreement exceeded $2 million. Following trial, the parties began settlement discussions, which culminated in May 2007 in a

consent judgment awarding Berger $1.4 million in damages.  After the judgment, Davidson & Kran dissolved, and Davidson died soon thereafter.

On August 22, 2008, Kran filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.  After examining Kran and reviewing his financial records, the Chapter 7 trustee concluded that Kran possessed no non-exempt property that could be reduced to money for the benefit of his creditors.  Report of No Distribution, *In re Kran*, No. 08-23193-RDD (Bankr. S.D.N.Y. Nov. 18, 2008).[1]

In December 2008, Berger brought an adversary proceeding seeking to prevent the discharge of Kran's debts pursuant to section 727(a)(3).  Kran moved for summary judgment.  Berger cross-moved, arguing that Kran's failure to produce documents in the referral fee litigation had complicated Berger's efforts to determine how much was owed under the referral agreement and had led him to accept a settlement far below the amount he had sought in damages.  Berger

[1] At the conclusion of a Chapter 7 bankruptcy case, the trustee must provide an accounting to the court, certifying that the case has been "fully administered."  Fed. R. Bankr. P. 5009; 11 U.S.C. §§ 704(a)(1), (4) (setting out the duties of the trustee to investigate the financial condition of the debtor and collect and reduce to money all of the debtor's assets).  Where, as here, the trustee concludes that no non-exempt property exists to be collected on behalf of creditors, he or she files a "No Asset" report or a "Report of No Distribution."  *See, e.g., In re Magee*, 444 B.R. 254, 256 (Bankr. S.D.N.Y. 2011); *In re Cruz*, 254 B.R. 801, 803 (Bankr. S.D.N.Y. 2000).

argued that this alone justified denying Kran's discharge, whether or not the record-keeping failures were temporally related to the bankruptcy.

The bankruptcy court denied Berger's motion and granted Kran's motion, concluding that because the amount Berger was owed under the referral agreement had been fixed by the parties' settlement agreement, the alleged difficulty in determining damages was irrelevant. The bankruptcy court rejected Berger's contention that section 727(a)(3) did not require a temporal relationship between the alleged failure to preserve records and the bankruptcy. The court concluded instead that the focus of a section 727(a)(3) action was appropriately on the debtor's financial condition during the bankruptcy and his condition for a reasonable period of time before the filing of the bankruptcy petition.

The district court affirmed, stating that Berger failed to allege—let alone prove—that Kran's failure to keep the required records had any bearing on the court's ability to ascertain whether he was capable of repaying his creditors. *In re Kran*, 493 B.R. 398, 405-06 (S.D.N.Y. 2013). Berger appeals.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, a court

6

"shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." This Court "review[s] the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*." *In re Cacioli*, 463 F.3d 229, 234 (2d Cir. 2006).

Berger argues that 11 U.S.C. § 727(a)(3) bars the discharge of Kran's debt. Section 727(a)(3) states:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

Berger argues that because Kran failed to keep required records relating to the cases referred to him under their agreement, his financial condition could not be ascertained and his debts should not have been discharged.

In a proceeding under section 727(a)(3), "[t]he initial burden lies with the creditor to show that the debtor failed to keep and preserve any books or records from which the debtor's financial condition or business transactions might be ascertained." *In re Cacioli*, 463 F.3d at 235. We agree with the bankruptcy court

7

that the inquiry into the debtor's financial condition is limited to the span from a reasonable period of time before the bankruptcy filing through the pendency of the bankruptcy proceedings. We further conclude that Berger has not met his burden to show that the missing records were necessary to ascertain Kran's financial condition during this temporally limited period.

"[A] central purpose of the [Bankruptcy] Code" is to allow the "'honest but unfortunate debtor'" to "reorder [his] affairs, make peace with [his] creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)). For this reason, we have described section 727, which requires the denial of discharge under certain enumerated circumstances, as "impos[ing] an extreme penalty for wrongdoing, which must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *In re Cacioli*, 463 F.3d at 234 (quoting *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1310 (2d Cir. 1996)) (internal quotation marks omitted).

We have long been of the view that, although the Code "make[s] the privilege of discharge dependent on a true presentation of the debtor's financial

8

affairs[,] . . . . it is intended" only "that there be available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained." *In re Underhill*, 82 F.2d 258, 260 (2d Cir. 1936) (construing a precursor to modern 11 U.S.C. § 727(a)(3)). In light of the admonition to construe section 727 "liberally in favor of the bankrupt," *In re Chalasani*, 92 F.3d at 1310, we see no reason to depart from the established principle that the "financial affairs" which a debtor must adequately document are his circumstances during the pendency of the bankruptcy proceedings and those obtaining "for a reasonable period" prior to the filing of the bankruptcy petition. *In re Underhill*, 82 F.2d at 260.

Berger has failed to show that the facts of this case fall within the scope of section 727(a)(3). He provided no evidence establishing either that Kran failed to keep records such that his financial condition or business transactions could not be ascertained during the pendency of the proceedings or for a reasonable time before, or that Berger or the Trustee were impeded in determining whether Kran had other assets that could be used to pay his creditors. Indeed, Kran provided the bankruptcy court with sufficient documentation to permit the trustee in this case to file a Report of No Distribution.

Berger's oral argument before the bankruptcy court underscores the insufficiency of his showing. When asked whether he alleged that it was impossible to "discern existing accounts receivable or existing income of the debtor as of the petition date," Berger's attorney answered that "it's quite possible there are still some outstanding cases that were referred from my client," but admitted that "that goes back a few years" to 2007, before Kran's partnership dissolved. Transcript of Oral Argument at 10–12, *Berger & Assocs. Attorneys v. Kran*, No. 08-08428 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2011). And when asked to explain how Kran's "omissions preclude[d] the ascertainment of [his] financial condition," *id.* at 23, counsel eventually offered that "the fact that we don't have the records means that we couldn't trace the cash," *id.* at 24, an allegation not made in his summary judgment papers. None of these explanations brings Kran's record-keeping failures within the scope of section 727(a)(3). We therefore conclude that Berger has not met his initial burden under the statute.

Finally, we reject Berger's contention that our ruling permits Kran to evade his "legal and ethical duties." Appellant's Br. at 23. Section 727(a) bars from relief a debtor whose misconduct threatens to undermine the just and orderly administration of his bankruptcy, *In re Chalasani*, 92 F.3d at 1311 (explaining that

10

the statute "is directed toward protecting the integrity of the bankruptcy system")[2]; it does not exist to police the debtor's legal and ethical obligations more generally. We will not apply the "extreme penalty" of denying discharge, *id.* at 1310, to failings so clearly unconnected with the bankruptcy proceeding, especially when the New York courts have already sanctioned Kran for his failure to keep legally required documents.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2] Like section 727(a)(3), the other paragraphs of section 727(a) punish actions that hamper the Trustee's ability to collect and distribute non-exempt assets on behalf of creditors. *See* 11 U.S.C. § 727(a)(2) (barring discharge where a debtor "has transferred, removed, destroyed, mutilated, or concealed" property of the debtor or the bankruptcy estate "with intent to hinder, delay, or defraud"); *id.* § 727(a)(4) (barring discharge for certain kinds of debtor fraud "in or in connection with the case"); *id.* § 727(a)(5) (barring discharge for failure "to explain satisfactorily . . . any loss of assets or deficiency of assets"); *id.* § 727(a)(6) (barring discharge if the debtor refuses, "in the case," to obey a court order or, under certain circumstances, to testify).