14-2214
*In Re: Derek J. Portaluppi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand fifteen.

PRESENT:  AMALYA L. KEARSE,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

IN RE: DEREK J. PORTALUPPI

_____

WILLIAM HOLMES,

                    *Creditor-Appellant,*

     -v.-                                    No. 14-2214

DEREK J. PORTALUPPI,

*Debtor-Appellee.*

FOR APPELLANT:      William Holmes, *pro se*, Portland, CT.

FOR APPELLEE:       Scott M. Charmoy, Charmoy & Charmoy, Fairfield, CT.

Appeal from the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the District Court be and

hereby is **AFFIRMED**.

Creditor-Appellant Williams Holmes ("Holmes"), proceeding *pro se*,

appeals from the District Court's judgment affirming the bankruptcy court's

order dismissing Holmes's adversary proceeding.  We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the

issues on appeal.

"The rulings of a district court acting as an appellate court in a bankruptcy

case are subject to plenary review."  *In re Stoltz*, 315 F.3d 80, 87 (2d Cir. 2002).

Consequently, "we review the bankruptcy court decision independently,

accepting its factual findings unless clearly erroneous but reviewing its

2

conclusions of law *de novo*." *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted). Particular deference is given to a bankruptcy court's findings on credibility. *See In re CBI Holdings Co.*, 529 F.3d 432, 450 (2d Cir. 2008).

Holmes contests the bankruptcy court's findings of fact in relation to Debtor-Appellee Derek J. Portaluppi ("Portaluppi"), including its determination that Portaluppi was credible. We find no clear error in the bankruptcy court's conclusion that Portaluppi's bankruptcy petition did not intentionally give the wrong address for Holmes. Moreover, Holmes timely filed his adversary proceeding and thus suffered no prejudice. Nor was there any clear error in the bankruptcy court's finding that Portaluppi did not act with fraudulent intent to conceal the sale of any automobiles or withhold records of those sales. Two of the challenged transactions took place more than one year prior to the bankruptcy petition, and thus did not have to be disclosed. *See* 11 U.S.C. § 727(a)(2)(A). We find no clear error in the bankruptcy court's conclusion, after hearing testimony, that Portaluppi lacked fraudulent intent when he transferred a Ford F350 (the lone transaction within the relevant time period challenged by Holmes on this appeal). *In re CBI Holdings*, 529 F.3d at 450. Finally, there was no

3

evidence that Portaluppi failed to keep recorded information from which his financial condition might be ascertained. *See In re Kran*, 760 F.3d 206, 210-11 (2d Cir. 2014).

We have considered all of Holmes's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4