SUMMARY ORDER
Creditor-Appellant Williams Holmes (“Holmes”), proceeding pro se, appeals from the District Court’s judgment affirming the bankruptcy court’s order dismissing Holmes’s adversary proceeding. We assume the parties’ familiarity with the underlying facts, the procedural history of the ease, and the issues on appeal.
“The rulings of a district court acting as an appellate court in a bankruptcy case are subject to plenary review.” In re Stoltz, 315 F.3d 80, 87 (2d Cir.2002). Consequently, “we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.” In re Enron Corp., 419 F.3d 115, 124 (2d Cir.2005) (internal quotation marks omitted). Particular deference is given to a bankruptcy court’s findings on credibility. See In re CBI Holding Co., 529 F.3d 432, 450 (2d Cir.2008).
Holmes contests the bankruptcy court’s findings of fact in relation to Debt- or-Appellee Derek J. Portaluppi (“Portaluppi”), including its determination that Portaluppi was credible. We find no clear error in the bankruptcy court’s conclusion that Portaluppi’s bankruptcy petition did not intentionally give the wrong address for Holmes. Moreover, Holmes timely filed his adversary proceeding and thus suffered no prejudice. Nor was there any clear error in the bankruptcy court’s finding that Portaluppi did not act with fraudulent intent to conceal the sale of any automobiles or withhold records of those sales. Two of the challenged transactions took place more than one year prior to the bankruptcy petition, and thus did not have to be disclosed. See 11 U.S.C. § 727(a)(2)(A). We find no clear error in the bankruptcy court’s conclusion, after hearing testimony, that Portaluppi lacked fraudulent intent when he transferred a Ford F350 (the lone transaction within the relevant time period challenged by Holmes on this appeal). In re CBI Holding, 529 F.3d at 450. Finally, there was no evidence that Portaluppi failed to keep recorded information from which his financial condition might be ascertained. See In re Kran, 760 F.3d 206, 210-11 (2d Cir.2014).
We have considered all of Holmes’s remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is AFFIRMED.