*Swakeen v. Pandian*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-four.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

BENSAM SWAKEEN,

> *Plaintiff-Appellant,*

> v.                                                                          No. 23-843

MARY S. PANDIAN, SAMUEL J. PANDIAN,

> *Defendants-Appellees.*\*

_____
_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:            BENSAM SWAKEEN, *pro se*, Woodside, NY.

For Defendants-Appellees:           LAWRENCE S. LEFKOWITZ, Law Firm of Lawrence S. Lefkowitz LLC, Freeport, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 12, 2023 judgment of the district court is **AFFIRMED**.

Bensam Swakeen, proceeding *pro se*, appeals from the district court's judgment affirming the bankruptcy court's grant of summary judgment in favor of Mary S. Pandian and Samuel J. Pandian on Swakeen's adversary proceeding claims against them. The Pandians filed for Chapter 7 protection in November 2020, listing Swakeen as an unsecured creditor in the amount of $110,000 (a debt that the Pandians disputed). The Chapter 7 Trustee reported that there was no property available for distribution, and Swakeen went unpaid. A few months after the Trustee's report, Swakeen initiated an adversary proceeding against the Pandians and their two children in the bankruptcy court, arguing that the $110,000 loan should not be discharged under Chapter 7 and seeking payment of the $96,250 that he claimed to be outstanding on that loan. Swakeen alleged that the

2

Pandians had the means to pay him back, asserting that they owned property in several locations in India and New York and alleging that the Pandian family was now earning "good income." Dist. Ct. Doc. No. 2 at 13.

The Pandians moved to dismiss. At a hearing on that motion, the bankruptcy court construed Swakeen's adversary complaint as raising claims under Bankruptcy Code § 727(a)(2), which provides that discharge may be denied if the debtor "concealed" property with the "intent to hinder, delay, or defraud a creditor." 11 U.S.C. § 727(a)(2). The bankruptcy court informed the parties that it would convert the motion to dismiss into one for summary judgment and directed Swakeen to support with evidence his claims that the Pandians had concealed assets.

Although the bankruptcy court granted several extensions, Swakeen failed to submit any supporting evidence. The bankruptcy court thus granted summary judgment to the Pandians in July 2022. Swakeen then appealed to the district court, which affirmed. This appeal followed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

In a bankruptcy appeal, "we independently and directly review the

bankruptcy court's decision." *In re Sears Holding Corp.*, 51 F.4th 53, 60 (2d Cir. 2022). "Under Federal Rule of Civil Procedure 56, applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *In re Kran*, 760 F.3d 206, 209 (2d Cir. 2014) (internal quotation marks omitted). We then review that grant of summary judgment *de novo*. *See Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 415 (2d Cir. 2022). As to *pro se* parties like Swakeen, "[w]e liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (citations and internal quotation marks omitted).

On appeal, Swakeen asserts that the Pandians "lied" in the bankruptcy proceeding and have the means to "pay back" his loan. Swakeen Br. at 3–4. We construe this claim liberally, as did the district court, to invoke sections 727(a)(2) and 727(a)(4)(A) of Chapter 7, which disallow discharge of debts under certain circumstances. Thus, section 727(a)(2) provides that discharge will be disallowed if the debtors, "with intent to hinder, delay, or defraud a creditor . . . ha[ve]

4

transferred, removed, destroyed, mutilated, or concealed" either "[their] property . . . within one year before the date of the filing of the petition" or "the property of the estate, after the [filing] date." 11 U.S.C. § 727(a)(2)(A)–(B). Section 727(a)(4)(A), meanwhile, provides that discharge will be disallowed if the debtors "knowingly and fraudulently, in or in connection with [their Chapter 7] case . . . made a false oath or account." *Id.* § 727(a)(4)(A). We have emphasized, however, that section 727 "imposes an extreme penalty for wrongdoing" and thus "must be construed strictly against those who object to the debtor's discharge." *In re Chalasani*, 92 F.3d 1300, 1310 (2d Cir. 1996).

We agree with the bankruptcy court – and the district court – that Swakeen failed to establish a genuine issue of material fact with respect to a claim under either section. Despite ample opportunity, he provided no evidence to support his allegation that the Pandians had concealed or transferred assets in violation of section 727(a)(2). Nor did he provide evidence in support of his claim that the Pandians surreptitiously possessed real property in India or otherwise lied in connection with their bankruptcy. Moreover, the thrust of Swakeen's argument is that the Pandians *now* have the means to pay him back. But as both the bankruptcy and district courts explained, the relevant question is not whether the

5

Pandians *currently* have money but whether they *had* money or property that they failed to disclose in their bankruptcy schedules.

Swakeen also argues that the reason he failed to provide such evidence was that the Chapter 7 Trustee and the Pandians failed to turn over the financial records he requested. But the bankruptcy court gave Swakeen ample time to conduct discovery, including a generous extension after the hearing. We will not grant Swakeen the "extreme relief" he seeks when he offers no evidence, even with the benefit of the additional time he was allowed to obtain it. *Id.* at 1313.

We have considered Swakeen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court