*Manigault v. ABC Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand nineteen.

PRESENT:
> AMALYA L. KEARSE,
> CHRISTOPHER F. DRONEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

CAESAR MANIGAULT,

   *Plaintiff-Appellant,*

  v.               18-3133

ABC INC., WABC-TV NEW YORK,

   *Defendant-Appellee.*

_____

FOR APPELLANT:                           Caesar Manigault, *pro se*, Durham, NC.

FOR APPELLEE:                            Nathan Siegel, Adam I. Rich, Rachel F. Strom, Davis Wright Tremaine LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kevin Nathaniel Fox, *M.J.*[1]).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Caesar Manigault, proceeding *pro se*, appeals the judgment of the district court, which granted summary judgment in favor of ABC, Inc. ("ABC") on Manigault's claims that ABC violated trademark and copyright laws when it briefly showed his company's logo during a news broadcast. On appeal, Manigault challenges only the district court's grant of an extension of time to ABC to answer the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The parties consented to have Magistrate Judge Fox conduct all proceedings pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

## I. Waiver of Claims

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), *pro se* appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Thus, despite affording *pro se* litigants "some latitude in meeting the rules governing litigation," we "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out 'identifiable arguments' in his principal brief." (citation omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). Nor will we usually decide issues that an appellant raises only in passing. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d

Cir. 2013) (finding that a *pro se* litigant "waived any challenge" to the district court's adverse ruling because brief mentioned the ruling only "obliquely and in passing").

Here, Manigault challenges only the district court's grant of an extension of time to ABC to answer the initial complaint; he does not raise any arguments challenging the district court's grant of summary judgment in favor of ABC or any other district court orders. Thus, any challenge to those decisions has been waived.

## II. Federal Rule of Civil Procedure 6

A district court may extend a deadline for good cause "*with or without motion or notice* if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(a) (emphasis added). We review the grant of an extension of time for abuse of discretion. *See Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 283 (2d Cir. 2005). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d

4

117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

Here, ABC requested an extension of time on October 27, 2017, prior to the November 2, 2017 deadline for its answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (setting a 21-day deadline to answer a complaint after being served). Thus, ABC was not required to file a formal motion (with notice) or make a showing of excusable neglect; ABC needed to show only "good cause." Fed. R. Civ. P. 6(b)(1)(A). ABC explained that it sought an extension because it had not been served with the exhibits attached to the complaint.

The district court's finding that this reason sufficiently amounted to "good cause" was not erroneous or an abuse of discretion. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." (citing precedent in the First, Fourth, and Seventh Circuits)); *see also* 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165 (4th ed. 2019 update) (stating that extensions requested before the deadline should generally be granted absent bad faith or prejudice to another party). Manigault's assertions that ABC purposely committed fraud or otherwise

acted in bad faith in seeking the extension are conclusory and unsupported by the record.[2] Further, Manigault has failed to show, or even argue, that he was prejudiced as a result of the 20-day extension. In fact, he later filed an amended complaint that was adjudicated on the merits on summary judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[W]e have expressed a strong preference for resolving disputes on the merits." (internal quotation marks omitted)); *Miller v. Apfel*, No. 99-6317, 2000 WL 509987, at *1 (2d Cir. Apr. 26, 2000) ("In light of this [C]ircuit's clear preference for adjudication on the merits and the absence of prejudice to plaintiff, [the district court] did not abuse [its] discretion when [it] implicitly denied the default motion and accepted the government's late answer."). Finally, the cases that Manigault cites in his reply brief are inapposite, since those cases involved state civil procedure rules and/or determinations about whether certain inactions constituted excusable neglect; as discussed above, ABC

---

[2] Contrary to Manigault's argument, the fact that a different lawyer is representing ABC on appeal is not unusual and does not support his assertion that the first lawyer purposely committed fraud. Although Manigault's assertion that ABC did have the ability to contact him when it sought the extension appears to be correct, since his complaint listed his telephone number and email address, that fact does not necessarily show that ABC purposely committed fraud when it stated it was unable to contact him. In any event, ABC was not required to contact him, *see* Fed. R. Civ. P. 6(b)(1)(A), and its alleged inability to contact Manigault was not the reason it sought the extension of time.

was not required to make a showing of excusable neglect. Here, the district court properly applied Federal Rule 6(b)(1)(A) and acted well within its discretion in extending the deadline.

We have considered all of Manigault's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
