20-3344-cv
*Ebomwonyi v. Sea Shipping Line*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROBERT D. SACK,
> *Circuit Judge*
> BRIAN M. COGAN,
> *District Judge.* [*]

---

OMORUYI EBOMWONYI, OWOLABI OLOWOOKERE,

> *Plaintiffs-Appellants*,

v.                                                                      20-3344

SEA SHIPPING LINE, MAERSK LINES,

> *Defendants-Appellees*.

---

For Plaintiff-Appellant Ebomwonyi:                    Omoruyi Ebomwonyi, *pro se*, Pflugerville, TX.

---

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

For Plaintiff-Appellant Olowookere:    Owolabi Olowookere, *pro se*, Pflugerville, TX.

For Defendant-Appellee Sea Shipping Line:    John Greco, Betancourt, Van Hemmen, Greco & Kenyon, LLC, Red Bank, NJ.

For Defendant-Appellee Maersk Lines:    Richard L. Gorman, Richard Gorman Law, Houston, TX.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Omoruyi Ebomwonyi and Owolabi Olowookere ("Plaintiffs-Appellants") appeal from two separate orders of the district court: (1) an Order, dated August 14, 2020, that denied Plaintiffs-Appellants' motion for discovery and for a conference; and (2) an Order, dated September 3, 2020, that dismissed the case with prejudice for the reasons stated in the district court's earlier Opinion and Order, dated July 21, 2020.   Ebomwonyi sued Defendants-Appellees Sea Shipping Line and Maersk Lines ("Defendants-Appellees") in the Western District of Texas for breach of contract arising from the alleged late shipment of Ebomwonyi's cars from Port of Houston, Texas to Tin Can Island Port, Lagos, Nigeria, seeking to recover the attendant delay and storage costs.[1]   The case was transferred to the Southern District of New York, at which point the district court dismissed Olowookere as a party because he had not appeared on his own behalf or signed the pleadings; granted Maersk's motion to dismiss the complaint as time-barred; and granted Sea Shipping's motion to dismiss Ebomwonyi's breach-of-contract claim.   The district court also granted summary judgment on Ebomwonyi's claim that Sea Shipping was

---

[1] Ebomwonyi, who is not an attorney, proceeded *pro se* and purported, in an amended complaint, to also file on behalf of Olowookere.

responsible for delay and storage costs and denied Ebomwonyi's motion for discovery, given that his complaint had already been dismissed. On appeal, Plaintiffs-Appellants (1) argue that the district court erred in dismissing their case; and (2) move to file a supplemental appendix. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Waiver

"We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal citations and quotation marks omitted). All appellants, however, including those proceeding *pro se*, are required "in their briefs to provide the court with a clear statement of the issues on appeal." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*

Here, we conclude that Plaintiffs-Appellants have waived any arguments on appeal by failing to provide clear statements of the issues. Plaintiffs-Appellants' brief is cursory and fails to explain, for example, how the district court erred in granting summary judgment or how the district court abused its discretion in denying Plaintiffs-Appellants' discovery motion. *See Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) (holding that arguments were not adequately pled by *pro se* litigant where they were set out "in only the most general terms"). Additionally, we do not address Plaintiffs-Appellants' claim that the district court erred in failing to appoint counsel, which is brought for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

## II.    Merits

Even were we to excuse Plaintiffs-Appellants' waiver, we perceive no error in the district court's decisions to (1) dismiss the complaint; (2) grant summary judgment; and (3) deny the discovery motion.

### 1.    Motions to Dismiss

We review the district court's grant of Defendants-Appellees' motions to dismiss *de novo*. *Allco Fin. Ltd. v. Klee*, 805 F.3d 89, 93 (2d Cir. 2015).   We first conclude that the district court did not err in dismissing Olowookere's claims without prejudice.   Ebomwonyi, who is not an attorney, could not assert claims on Olowookere's behalf.   *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[A] person may not appear on another person's behalf in the other's cause."). We further agree with the district court that the claims against Maersk were time-barred under the Carriage of Goods by Sea Act, which requires that claims relating to the loading, carriage, or discharge of goods that are carried by sea be brought within one year of the delivery of the goods. 46 U.S.C. § 30701, note 3(6).   Ebomwonyi did not file suit against Maersk, through his amended complaint, until September 10, 2019, over sixteen months after the cargo was delivered.

### 2.    Summary Judgment Motion

We also perceive no error in the district court's grant of summary judgment on Ebomwonyi's claims against Sea Shipping, which were premised on an alleged delay in the arrival of the cargo.   We review a grant of summary judgment *de novo* and "resolve all ambiguities and draw all inferences against the moving party."   *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam).   First, we conclude that the district court did not err in converting Sea Shipping's motion to dismiss to a motion for summary judgment.   If a motion to

dismiss relies on documents outside of the pleadings, it must be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d). Here, Sea Shipping argued that Ebomwonyi lacked standing to sue because he was not a party to the house bill of lading ("HBOL"), which Sea Shipping provided to the district court, and which had neither been a part of the amended complaint nor incorporated by reference. Second, contrary to Ebomwonyi's claims, the record establishes that the cargo arrived as scheduled, on March 7, 2018. The record further indicates that, under the terms of the HBOL, Sea Shipping disclaimed any liability for delay and storage costs. There was thus no basis for Ebomwonyi's claims against Sea Shipping.

### 3. Discovery Motion

Finally, we conclude that the district court did not err in denying Ebomwonyi's discovery motion. We review the district court's order for abuse of discretion. *EM Ltd. v. Rep. of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012) (noting that a district court "has broad latitude to determine the scope of discovery and to manage the discovery process"). Ebomwonyi filed his motion for discovery after the district court had dismissed the complaint, at which point, any request for discovery was moot. The district court thus acted well within its discretion in denying the discovery motion.

\* \* \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Plaintiffs-Appellants have not explained why they failed to present to the district court the evidence that they now wish to add to the record on appeal. *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

5

Accordingly, we **AFFIRM** the judgment of the district court, and we **DENY** Plaintiffs-Appellants' motion to supplement the record.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court