22-169-cv
*Gilani v. Teneo, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> *Circuit Judges.*

---

Asad Gilani,

> *Plaintiff-Appellant,*

> v.                                                                    22-169

Teneo, Inc., Piers Carey, Rachel Head, Brett Ayres, Steve Evans, Teneo USA Inc.,

> *Defendants-Appellees.*

---

| | |
|---|---|
| *For Plaintiff-Appellant:* | ASAD GILANI, *pro se*, Armonk, NY. |
| *For Defendants-Appellees:* | MARC A. CAMPSEN, Wright, Constable & Skeen, LLP, Baltimore, MD (Jane B. Jacobs, Klein Zelman Rothermel Jacobs & Schess LLP, New York, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, J.; Davison, M.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Appellant Asad Gilani, proceeding *pro se*, sued his former employer, Teneo, Inc., and several of its employees under Title VII, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and state law, alleging that he was discriminated and retaliated against when he was fired from his position, subjected to a hostile work environment, and never given an accommodation for his disability. During discovery, Gilani moved for spoliation sanctions, alleging that Teneo had altered his performance evaluations; a magistrate judge denied the motion. He also sought permission to subpoena an email services provider.

The defendants moved for summary judgment and provided notice of the consequences of summary judgment but failed to attach copies of Federal Rule of Civil Procedure 56 and S.D.N.Y. Local Rule 56.1. The district court granted summary judgment to the defendants with respect to all claims except the failure-to-accommodate claim. Prior to trial, the defendants again moved for summary judgment on the remaining claim. They again provided notice of the consequences of summary judgment but failed to attach copies of Federal Rule of Civil Procedure 56 and S.D.N.Y. Local Rule 56.1. After the district court noted the issue, the defendants corrected the notice the same day. The district court granted summary judgment to the defendants on the remaining claim.

2

While we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We normally will not reach "issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."). Nor will we decide issues that a *pro se* appellant raises only "in passing," *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013), or for the first time in a reply brief, *see JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

In this case, Gilani's brief does not substantially address the merits of the district court's decisions on the summary judgment motions. The Statement of Issues Presented raises Fifth and Fourteenth Amendment challenges to the district court's procedures. The Arguments section raises issues related to alleged evidence tampering by the district court and defendants, the court's failure to order a subpoena of Microsoft Online Services, and defendants' failure to attach copies of Federal Rule of Civil Procedure 56 and Local Rule 56.1 to its Local Rule 56.2 notice. Gilani does not address the district court's conclusions that the defendants proffered a legitimate, non-discriminatory reason for firing him or that he failed to offer sufficient evidence to show that this reason was pretext for discrimination. Nor does he directly address his claims for retaliation, hostile work environment, or failure-to-accommodate. Challenges to the merits of the district

court's rulings are therefore waived. *See Gerstenbluth*, 728 F.3d at 142 n.4; *LoSacco*, 71 F.3d at 93.[1]

**I.**

We review a district court's denial of a motion for spoliation sanctions for abuse of discretion. *See Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, 473 F.3d 450, 456 (2d Cir. 2007). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "The party seeking discovery sanctions on the basis of spoliation must show by a preponderance of the evidence: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018) (internal quotation marks omitted).

The district court did not abuse its discretion by denying spoliation sanctions. Gilani failed to show that Teneo altered his performance evaluations. With respect to the performance evaluation for the second quarter of 2017, the defendants presented evidence that the changes were alterations that Gilani himself had requested during his performance review process. With respect

---

[1] In any case, Gilani's main substantive challenge to the district court's analysis fails on the merits. He suggests that evidence of purported claims to management of inappropriate conduct by Gilani was disputed because the individuals who purportedly made those claims denied having done so. But he relies on hearsay to establish a dispute. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (noting that a party cannot rely on inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial).

4

to the performance evaluation for the third quarter of 2017, Gilani offered no evidence to support his claim that the evaluation was altered. He simply highlighted the evaluation and asserted that it had been altered. He therefore failed to establish that Teneo altered the performance evaluations.[2]

## II.

Gilani contends that the district court should have permitted him to subpoena Microsoft Online Services so he could obtain information related to his performance evaluations. However, Gilani did not need to seek special permission from the district court to issue such a subpoena. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). Gilani was aware of this. The record reflects that he obtained multiple third-party subpoenas by filling out a subpoena form and submitting it to the clerk. Therefore, the district court's failure to grant permission specifically for a Microsoft Online Services subpoena did not affect Gilani's ability to obtain this discovery.

## III.

Gilani next argues that the summary judgment motions should have been denied because the notices of the nature and consequences of summary judgment—pursuant to *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999), and S.D.N.Y. Local Rule 56.2—were incomplete. But Gilani was not prejudiced by these incomplete notices. First, only one of the notices lacked the requisite copies of Federal Rule of Civil Procedure 56 and Local Rule 56.1. The other notice was corrected almost immediately. Second, the notices properly explained the nature and

---

[2] Similarly, Gilani offered no evidence to support his claim that the Pro Se Office knowingly tampered with evidence by removing depositions and signature pages on affidavits and therefore failed to establish that the district court and the Pro Se Office collaborated with the defendants in altering evidence or that evidence was intentionally altered.

consequences of summary judgment pursuant to Local Rule 56.2 and simply omitted the text of the relevant rules. Third, Gilani demonstrated that he understood the requirements of summary judgment.

We have recognized that "it is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's." *Vital*, 168 F.3d at 620 (internal quotation marks omitted). For that reason, either the opposing party or the district court must explicitly advise the pro se litigant that he is "required to present counter-affidavits or other documentary evidence as to *every* genuine issue of material fact that he wishe[s] to preserve for trial." *Id.* at 621. Failure to provide this notice is "ordinarily" a ground for remand. *Id.* at 620. But when a pro se litigant has demonstrated "a clear understanding of the nature and consequences of a summary judgment motion and the need to set forth all available evidence demonstrating a genuine dispute over material facts, failure to provide proper notice will be deemed harmless." *Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009) (internal quotation marks omitted). This clear understanding can be shown by, among other things, "the nature of the papers submitted ... and the assertions made therein as well as the litigant's participation in proceedings." *Vital*, 168 F.3d at 621; *see Sawyer v. Am. Fed'n of Gov't Employees, AFL-CIO*, 180 F.3d 31, 35-36 (2d Cir. 1999) (concluding the lack of a *Vital* notice was harmless because the plaintiff "filed a number of documents in response to the defendants' motion," demonstrating that he "knew that he was required to produce evidence supporting the issues of material fact that he needed to preserve for trial," which is "all that is required").

Gilani demonstrated that he understood the nature and consequences of summary judgment. With respect to the first summary judgment motion, Gilani submitted a memorandum

of law in opposition, a lengthy declaration identified as a "Local 56.1 Statement of Undisputed Facts," App'x 115, and exhibits totaling hundreds of pages. And in opposition to the second summary judgment motion, Gilani filed a memorandum of law, multiple affidavits, and 53 exhibits. Taken as a whole, Gilani's oppositions to the defendants' motions demonstrate an understanding of his obligation to counter the defendants' factual assertions with specific evidence in order to overcome their motions for summary judgment. *See Sawyer*, 180 F.3d at 35-36.

\*     \*     \*

We have considered Gilani's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court