*United States v. Key*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty three.

PRESENT:  Denny Chin,
Steven J. Menashi,
*Circuit Judges*,
Paul A. Engelmayer,
*District Judge.*[*]

———————————————————————

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          No. 22-337

ROGER KEY, ALSO KNOWN AS SEALED DEFENDANT 1, ALSO KNOWN AS LUCHIE,

*Defendant-Appellant.*[†]

———————————————————————

———————————

[*] Judge Paul A. Engelmayer of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the case caption as set forth above.

*For Appellee*:                    LISA DANIELS, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

*For Defendant-Appellant*:          BRUCE R. BRYAN, Manlius, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Roger Key was convicted of crimes including conspiracy to commit murder-for-hire, conspiracy to distribute and possess with intent to distribute narcotics, and attempted murder-for-hire. Key was sentenced to life imprisonment and a consecutive term of thirty years' imprisonment. This court vacated one count of Key's convictions in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), and we remanded to the district court for resentencing. Order, *Key v. United States*, No. 19-2169 (2d Cir. Nov. 4, 2020), ECF No. 94. The district court conducted a *de novo* resentencing, leading to a new sentence of forty-five years' imprisonment and forfeiture in the amount of $16.2 million.

Key raises three challenges to his sentence. First, he argues that this new sentence is substantively unreasonable. Second, he argues that the district court improperly structured his sentence. Third, he argues that the district court erred in ordering forfeiture. We disagree with Key's arguments and affirm the judgment of the district court. We assume the parties' familiarity with the underlying facts and procedural history.

# I

Key makes both a substantive unreasonableness challenge and a procedural unreasonableness challenge to his sentence. We address these challenges in turn.

## A

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). A defendant "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). "That deference derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an 'individualized assessment' of sentence under 18 U.S.C. § 3553(a)." *Id.* (quoting *Gall*, 552 U.S. at 50). In particular, "it is difficult to find that a below-Guidelines sentence is substantively unreasonable." *United States v. Rivernider*, 828 F.3d 91, 111 (2d Cir. 2016) (internal quotation marks and alteration omitted).

Key argues that the district court insufficiently considered certain factors that—in Key's view—justify an even more lenient sentence than the below-Guidelines sentence he received. Following the vacatur of one count of Key's conviction, Key remained convicted of the following five counts: conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846 and § 841(b)(1)(A); using and carrying firearms during and in relation to that narcotics offense, in violation of 18 U.S.C. § 924(c); conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958; attempted murder for hire, in violation of 18 U.S.C. § 1958; and a second conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958. In Key's view, his forty-five-year sentence—though reduced from his initial sentence of life imprisonment plus thirty years—was substantively unreasonable because (1) he has made successful efforts toward rehabilitation in prison, (2) the sentence unreasonably punishes his family members who are experiencing extraordinary hardship, (3) he will be at a lower risk of recidivism after serving the mandatory minimum of twenty years, (4) the sentence created an

unwarranted sentencing disparity between co-defendants in this case, (5) a lengthy period of incarceration will not further his rehabilitation, and (6) his incarceration during the COVID-19 pandemic constituted extraordinary punishment. We disagree.

The district court considered the factors set forth in 18 U.S.C. § 3553(a) and varied below the applicable Guidelines sentence. The district court calculated the recommended sentence under the Guidelines to be life imprisonment plus five years. The district court nevertheless sentenced Key to forty-five years' imprisonment because, in its view, Key "deserves to be able to look forward to getting out of prison and not to have spent his life in prison" and Key had "comported himself well in prison." App'x 412, 417. At the same time, the district court acknowledged "the extraordinarily brutal and serious series of crimes committed by Mr. Key over an extended period of time." *Id.* at 412. It noted that "given all of the factors in 3553(a) which I have considered here, the sentence will be very substantial." *Id.*; *see also id.* at 417 ("I have taken into account all of the factors in [18 U.S.C. §] 3553(a) and I believe the sentence is appropriate given the extraordinary seriousness of the offense and the need for punishment and deterrence."). We do not perceive an abuse of discretion in the resulting sentence.

Key's arguments to the contrary are unavailing. The Guidelines provided for a sentence of life in prison following convictions for, among other things, murder-for-hire conspiracies. In varying downward, the district court adequately considered such factors as Key's efforts toward rehabilitation in prison, the impact that Key's incarceration has on Key's family, and the possibility of further rehabilitation. Indeed, Key's new sentence gives him the chance to leave prison during his life—a material change from Key's original sentence. Key's receiving a higher sentence than did his codefendants was not surprising because Key was the

4

mastermind and leader of the operation in question.[1] We reject Key's substantive unreasonableness challenge.

**B**

"A district court commits procedural error where," as relevant here, it "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). Key did not object to the Guidelines calculation at the resentencing, and "issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). The plain-error test proceeds in four parts: "(1) there must be an error; (2) the error must be plain, meaning it must be clear or obvious, rather than subject to reasonable dispute; (3) the error must have affected the appellant's substantial rights in that it affected the outcome of the proceedings; and (4) if these other three prongs are satisfied, the court of appeals has the discretion to remedy the error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Montague*, 67 F.4th 520, 528 (2d Cir. 2023) (internal quotation marks and alteration omitted).

In a supplemental brief that he filed pro se, Key contends that his sentence is procedurally unreasonable. "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). We construe Key's supplemental brief to be arguing that the district court erred under

---

[1] Key also suggests that his sentence created an unwarranted disparity with that imposed on a defendant in an arguably similar case. In that case, however, the defendant did not commit murder-for-hire or conspire to do so. *See* App'x 307-08 (referencing Transcript, *United States v. James*, No. 13-CR-836-1 (S.D.N.Y. Dec. 6, 2019), ECF No. 364 (imposing a 132-month sentence for a one-count guilty plea to robbery conspiracy)); *see also* Sentencing Submission, *United States v. James*, No. 13-CR-836-1 (S.D.N.Y. Oct. 10, 2019), ECF No. 341 (describing the procedural background).

5

U.S.S.G. §5G1.2(c) when—at the resentencing—it modified Key's existing concurrent sentences to run consecutively. In Key's telling, "the district court was required to run [the sentences for] counts three, four, and six *concurrent* with count one at the resentencing." Supplemental Pro Se Br. 10 (emphasis added). The district court sentenced Key in the following manner:

> On Count One: 20 years. On Count Two: Five years, to run consecutive to Count One. Count Three: 10 years, to run concurrent with Count Four but consecutive to Counts One and Two. On Count Four: 10 years, to run concurrent with Count Three but consecutive to Counts One and Two. On Count Six: 10 years, to run consecutive to Counts One, Two, Three, and Four. So the total term is 45 years.

App'x 414.

The district court did not plainly err in imposing this sentence. "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." U.S.S.G. § 5G1.2(c). Even assuming that § 5G1.2(c) applies to Key, who is a career offender,[2] we conclude that the district court did not plainly err in structuring Key's sentence as it did. The district court varied downward from the Guidelines recommendation of life imprisonment plus five years, determining that forty-five years was a proper sentence. In other words, the district court determined that forty-five years was the sentence "adequate to achieve the total punishment" and that the twenty years on Count One, by itself, would be inadequate. U.S.S.G. § 5G1.2(c). For that reason, the district court did not contravene § 5G1.2(c). Even if the district court had erred in imposing consecutive sentences, moreover, it still could have imposed a sentence of forty-five years. Accordingly, "[t]he correct aggregate sentence would thus have been a prison term identical to the sentence

---

[2] For such offenders, U.S.S.G. § 5G1.2(e) is the applicable provision of the Guidelines.

that was in fact imposed" and, "[i]n these circumstances, we cannot conclude that the error affected [Key's] substantial rights." *United States v. Blount*, 291 F.3d 201, 214 (2d Cir. 2002). We reject Key's procedural unreasonableness challenge.

## II

"Because criminal forfeiture is viewed as part of the sentencing process, the government need prove facts supporting forfeiture only by a preponderance of the evidence." *United States v. Gaskin*, 364 F.3d 438, 461 (2d Cir. 2004) (citation omitted). "The calculation of forfeiture amounts is not an exact science." *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011) "[T]he court 'need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given the available information.'" *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (quoting *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000)).

Key's final argument is that the district court erred in ordering forfeiture. He makes three points. First, Key contends that ordering forfeiture was inappropriate at the resentencing. Second, he claims that the inclusion of a forfeiture order in his new sentence violated his due process rights because it constituted a more severe sentence than the one originally imposed. Third, he argues that the district court did not properly determine the amount of forfeiture. We disagree and address each point in turn.

First, the district court was entitled to order forfeiture at Key's resentencing. Key asked for—and received—a *de novo* resentencing. The government's waiver of its right to seek forfeiture at the initial sentencing did not preclude the government from requesting it—or the district court from ordering it—at the resentencing, given that the *de novo* proceeding permitted the district court to start anew. Nor did forfeiture fall outside of the scope of the mandate from this court to resentence Key. *See United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002) ("[R]esentencing usually should be *de novo* when a Court of Appeals reverses one or more convictions and remands for resentencing.") (emphasis omitted).

7

Second, we disagree with Key's contention that his sentence violates his due process rights. The Supreme Court has explained that "[d]ue process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969). For that reason, the Court has concluded that "[i]n order to assure the absence of [a retaliatory motivation on the part of the sentencing judge], … whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 725-26. Even assuming that a total sentence of forty-five years' imprisonment and $16.2 million is more severe than Key's original sentence of life imprisonment plus thirty years—which we doubt—we conclude that the reasons for ordering forfeiture "affirmatively appear." The district court determined that Key—who masterminded a drug trafficking organization and profited from his illicit activities—obtained $16.2 million in "proceeds traceable to the [narcotics offense] that … cannot be located upon the exercise of due diligence." App'x 388. Forfeiture was therefore appropriate.

Third, the district court properly determined the amount of the forfeiture. The district court adopted the findings of fact in the presentence report and ordered forfeiture in the amount of $16.2 million. That number reflects a reasonable estimate of the drug proceeds based on testimony at the trial and information discussed in the report. Key lodged a general objection to the facts underlying this calculation but offered no reason to doubt those facts. We conclude that the district court's forfeiture order was reasonable.

\* \* \*

We have considered Key's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8