22-1364-cv
Watson v. Guerra

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-four.

PRESENT:   RAYMOND J. LOHIER, JR.,
           RICHARD J. SULLIVAN,
           MARIA ARAÚJO KAHN,
                 *Circuit Judges*.
------------------------------------------------------------------
MATTHEW WATSON,

     *Plaintiff-Appellant*,

    v.                                                    No. 22-1364-cv

POLICE OFFICER JOHN GUERRA, SHIELD #1562,

     *Defendant-Appellee*,

POLICE OFFICER BESNIK BOJKOVIC, POLICE
OFFICER SEAN CLAXTON, PATROLMEN'S
BENEVOLENT ASSOCIATION OF THE CITY
OF NEW YORK, CITY OF NEW YORK,

     *Defendants.*

-----------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | MATTHEW WATSON, *pro se*, Brooklyn, NY |
| FOR APPELLEE: | PAULINE ESMAN (Philip W. Young, Devin Slack, *on the brief*), of counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the May 26, 2022 judgment of the District Court is AFFIRMED.

Matthew Watson, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) entered in favor of Officer John Guerra of the New York City Police Department ("NYPD") following a jury trial on Watson's excessive force claim under 42 U.S.C. § 1983.   Watson also challenges the District Court's grant of partial

2

summary judgment dismissing Watson's remaining claims of excessive force, false arrest, and malicious prosecution against other individual defendants as well as his claim for municipal liability against the City of New York.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.   Summary Judgment

We review *de novo* an order granting summary judgment and "resolv[e] all ambiguities and draw[] all permissible factual inferences in favor of the party against whom summary judgment is sought."   *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quotation marks omitted).   "We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."   *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quotation marks omitted).   But *pro se* litigants must still raise claims in their opening briefs to preserve them on appeal, *see LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995), and we will not consider any issues raised only "obliquely and in passing," *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

3

Watson alleges that NYPD Officers Bojkovic, Claxton, and Guerra wrongfully arrested him for smoking marijuana in public and that, in the course of arresting him, they pulled him off his property and pushed him to the ground, at which point Guerra punched him in the face. Although Watson purports to appeal the District Court's partial grant of summary judgment, his brief focuses almost entirely on challenges to the District Court's evidentiary rulings. Watson makes only a vague reference to "re-engag[ing] dismissed and equally liable defendants" in his opening brief, Watson Br. at 9, and raises arguments challenging the summary judgment order for the first time in his reply brief. Accordingly, we conclude that Watson has abandoned his challenge to the District Court's summary judgment ruling. *See LoSacco*, 71 F.3d at 92–93; *see also Gerstenbluth*, 728 F.3d at 142 n.4.

## II. Evidentiary Rulings

We review the District Court's challenged evidentiary rulings for abuse of discretion. *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 385 (2d Cir. 2006). Even if a district court excludes evidence it should have admitted, we will not reverse that decision if the error was harmless. *See Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 151 (2d Cir. 2010). "In civil cases, the burden falls on the appellant

4

to show that the error was not harmless." *MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 189 (2d Cir. 2016) (quotation marks omitted).

Watson contends that the District Court improperly excluded evidence of the officers' past misconduct, photographs of his injuries, and other evidence. We disagree. The District Court acted within its discretion to exclude evidence of the officers' past misconduct after determining that the unsubstantiated nature of the complaints against them made the evidence substantially more prejudicial than probative. *See Ricketts v. City of Hartford*, 74 F.3d 1397, 1414–15 (2d Cir. 1996); *see also* Fed. R. Evid. 403. The District Court also permissibly denied Watson's request to introduce photographs of his injuries after the close of evidence, especially since Watson declined to introduce them after the District Court's warning at trial that he had one last chance to introduce the photographs, thereby waiving his challenge on this issue. *See* App'x 213 ("I'm not going [to] introduce any photos today."); *cf. ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 324 (2d Cir. 2022) (explaining that party waived the argument that evidence was improperly admitted when counsel consented to its admission). Watson also challenges the District Court's exclusion of two reports documenting the NYPD's use of force, but he fails to demonstrate how he was

prejudiced by the exclusion.   *See MacDermid Printing*, 833 F.3d at 189.

Nor are we persuaded by Watson's challenge to the District Court's decision to admit both his opening statement at trial and a recorded statement he made about a week after his arrest.   The District Court admitted Watson's opening statement into evidence in order to avoid potential redundancy with his direct testimony, but it did so with the consent of both parties.   Watson thus waived this challenge to the statement's admission.   In any event, Watson fails to demonstrate that his opening statement improperly influenced the jury's fact-finding or that any error was otherwise prejudicial.   *See id.*   And the recorded statement, which Watson complains was not produced during pretrial discovery, was used solely to impeach him and was not admitted as part of Guerra's case. Evidence used solely for impeachment need not be produced before trial.   *See* Fed. R. Civ P. 26(a)(3); *Patterson v. Balsamico*, 440 F.3d 104, 116–17 (2d Cir. 2006). Accordingly, the District Court's evidentiary rulings were not an abuse of discretion.

## CONCLUSION

We have considered Watson's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.   All pending motions are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7